IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ROBERT LEO DUNLAP, )
)
      Plaintiff, )
)
)   No. 3:05-MC-5023
V. )   (GUYTON)
)
BARBARA KELLY and BETTIE WILKIE, )
)
      Defendants. )

**REPORT AND RECOMMENDATION**

      This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this court for consideration of plaintiff's Application To Proceed *In Forma Pauperis*. The undersigned files this Report and Recommendation for the District Judge to whom the case is assigned.

      The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. Adkins v. W.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S.Ct. 85 (1948); Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). The statute therefore allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. Denton v. Hernandez, 504 U.S. 25, 27, 112 S.Ct. 1728 (1992).

      The court's review if an *in forma pauperis* application is normally based solely on the affidavit of indigence. See Gibson v. R.G. Smith Co., 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the petitioner show, by affidavit, that he is unable to pay court fees and costs. 28 U.S.C. § 1915(a). However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. Adkins, supra.

An affidavit to proceed *in forma pauperis* is sufficient if it states that one cannot because of his poverty afford to pay for the costs of litigation and still provide for himself and dependents with the necessities if life. Id. at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the second discretion of the court. Phipps v. King, 866 F.2d 824, 825 (6th Cir. 1988).

First, the petitioner's Application to Proceed Without Prepayment of Fees and his economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. His application sets forth grounds for so proceeding. His Application to Proceed Without Prepayment of Fees, therefore, is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. Gibson v. R.G. Smith Co., 915 F.2d 262-63 (6th Cir. 1990); see Harris v. Johnson, 784 F.2d 222 (6th Cir. 1986). The Clerk shall not issue process, however, at this time.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. See also Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).[1]

Plaintiff has filed a "Complaint For Injunction And Damages." His claim is that the defendant Bettie Wilkie ("Wilkie") the Manager of the John T. O'Connor Senior Center ("the O'Connor Center"), has barred him from attending the O'Connor Center because of "two documented incidents" of allegedly offensive speech by the plaintiff at the O'Connor Center. See the letter to the plaintiff, signed by Wilkie, attached to the Complaint. The O'Connor Center is operated by the Knoxville-Knox County Community Action Committee, an inter-governmental

---

[1]Plaintiff herein is not a prisoner. However, 28 U.S.C. § 1915, despite its references to prisoners, is not limited to prisoner suits. United States v. Floyd, 105 F.3d 274, 36 Fed. R.. Serv. 3d 1330 (6th Cir. 1997) and Powell v. Hoover, 956 F. Supp. 564 (MD PA) (1997).

2

Case 3:05-cv-00276   Document 4   Filed 06/03/05   Page 2 of 5   PageID #: 2

partnership which oversees the provision of many programs and service for the public.

The plaintiff asserts the jurisdiction of this Court, stating that "This Civil Action arises under The Constitution of the United States, Amendment One." See, the Complaint. It does not appear, however, that plaintiff's Complaint states any legally cognizable claim under the United States Constitution or any federal statute. He does not appear to state any violation of any federal rights or violation of any constitutional rights. Apparently, he is attempting to advance a freedom of speech claim.

Free speech, however, is not absolute at all times, under all circumstances. State v. Ervin, 40 S.W.3d 508 (Tenn. Crim. App., 2000). Certain types of speech, such as obscenity, are not subject to the full protection of the First Amendment. Federal Communications Commission v. Pacifica Foundation, 438 U.S. 726, 98 S.Ct. 3026 (1978). For example, the United States Supreme Court stated obscene utterances "are no essential part of any exposition of ideas and are of such slight social value . . . that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality." Chaplinsky v. New Hampshire, 315 U.S. 568, 572, 62 S.Ct. 766 (1942). While Wilkie's letter to the plaintiff does not allege "obscene" speech by the plaintiff, the defendant does cite plaintiff's "verbal descriptions of sexual activities" as one reason to bar him from the O'Connor Center.

Moreover, the Supreme Court has clearly stated that free speech interests must be balanced against a person's right to be "let alone." Hill v. Colorado, 530 U.S. 703, 120 S.Ct. 2480 (2000). The Court has held that despite the importance of free speech, "no one has a right to press even 'good' ideas on an unwilling recipient." Rowan v. United States Post Office Dept., 397 U.S. 728, 90 S.Ct. 1484 (1970). In the present case, Wilkie's letter to the plaintiff relies on the plaintiff's

3

"demeaning comments made to a participant about her deceased husband" as a second reason to bar plaintiff from the O'Connor Center.[2]

In Neinast v. Bd. of Trs. of the Columbus Metro. Library, 346 F.3d 585 (6th Cir., 2003), the Sixth Circuit Court of Appeals upheld a public library policy requiring patrons to wear shoes. In the opinion, the Court stated that

> the government may impose reasonable restrictions on the time, place, or manner of protected speech, provided the restrictions 'are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information.'

Id. (quoting Clark v. Community for Creative Non-Violence, 468 U.S. 288, 104 S. Ct. 3065 (1984)).

In the present case, there is nothing to suggest that the defendants were doing anything other than maintaining good order at the O'Connor Center, and protecting the other participants from discomfort or distress, by restricting the plaintiff. Plainly, no First Amendment right of the plaintiff is infringed.

Accordingly, it is **RECOMMENDED** that the complaint against the defendants be **DISMISSED** under 28 U.S.C. § 1915(e) for failure to state a federal claim upon which relief can be granted, but without prejudice to the plaintiff's rights to re-file here or to file his claims in State Court. This complaint lacks any arguable basis for a recovery in Federal Court. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. at 1831 (1989).

---

[2] Nowhere in the Complaint does the plaintiff dispute the allegations set forth in defendant Wilkie's letter to the plaintiff.

4

This matter is to be presented to a District Judge pursuant to this Report and Recommendation under the authority of Gibson v. R.G. Smith Co., 195 F.2d at 263, wherein the court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*[3].

        Respectfully submitted,

          s/ H. Bruce Guyton
        United States Magistrate Judge

---

[3] Any objections to this report and recommendation must be filed with the clerk of the court within ten (10) days of receipt of this notice. Such objections must conform to the requirements of Rule 72(b), Fed. R. Civ. P. Failure to file objections within the specified time waives the right to appeal the district court's order. See *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall,* 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers,* 829 F.2d 1370 (6th Cir. 1987).